UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

US Government -Relator QUI TAM MARCAL
HONDA,

                          Plaintiff,

                     -against-

DANIEL SILVA PASSOS, DHL EXPRESS,

                          Defendants.

                                                    1:20-CV-7932 (LLS)

                                                    ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

        Plaintiff Marcal Honda, who appears to be a citizen of Brazil who resides in Dothan,

Alabama, appears *pro se* and sues Daniel Silva Passos, a "[l]awyer at AGU . . . General Of[f]ice

of Union [a]nd [a] professor of FMU/LAUREATE GROUP," as well as DHL Express

("DHL").[1] (ECF 1, at 2.) Plaintiff asserts *qui tam* claims (on behalf of the United States of

America) under the False Claims Act, 31 U.S.C. § 3729. (*Id.* at 7.) The Court also construes the

complaint as asserting claims on Plaintiff's own behalf under state law. By order dated October

27, 2020, the court granted Plaintiff's request to proceed without prepayment of fees, that is, *in*

*forma pauperis*. For the reasons discussed below, the Court dismisses this action, but grants

Plaintiff leave to replead his claims against DHL in an amended complaint.

## STANDARD OF REVIEW

        The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint,

that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

---

[1] Plaintiff originally filed his complaint in the United States District Court for the Eastern
District of New York. By order dated September 11, 2020, the Eastern District of New York
transferred this action here. *Honda v. Passos*, 20-CV-4090 (E.D.N.Y. Sept. 11, 2020).

*see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest,*" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court of the United States has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff's complaint is difficult to understand. Plaintiff seems to assert claims arising from the Brazilian government's alleged failure to comply with agreements that it has with the

United States government, or properly use funds provided to it by the United States government. He also assert claims arising from DHL's alleged failure to timely deliver, from Brazil, his submissions for one of his previous actions in this court. Plaintiff has filed two previous actions in this court that are relevant to the present action.

A.    ***Honda v. Vieira*, 1:19-CV-10661 (CM) (S.D.N.Y.) ("*Honda I*")**

On November 18, 2019, Plaintiff filed a *pro se* action in this court against the former Brazilian Ambassador to the United Nations, Mauro Vieira. Plaintiff asserted claims against the Brazilian government regarding agreements that it has with the United States government and funds that the United States government provided to it that it allegedly misused. (ECF 1:19-CV-10661, 2.) In an order dated February 3, 2020, Chief Judge Colleen McMahon dismissed *Honda I sua sponte*. She did so because of the Brazilian government's immunity from suit under the Foreign Sovereign Immunities Act, and because Plaintiff lacked standing to sue to pursue generalized policy aims. (ECF 1:19-CV-10661, 6, at 3-5 n.2.)

B.    ***Honda v. Passos*, 1:20-CV-3977 (LLS) (S.D.N.Y.) ("*Honda II*")**

On May 18, 2020, Plaintiff filed another *pro se* action in this court. In *Honda II*, he asserted *qui tam* claims under the False Claims Act against Passos, who he described as a "[l]awyer of AGU (Attorney General Office of the Union)," and against Brazilian government officials, concerning the misuse of funds provided by the United States government to the Brazilian government. (ECF 1:20-CV-3977, 2.) In an order dated June 15, 2020, the Court dismissed *Honda II sua sponte*. The Court dismissed Plaintiff's *qui tam* claims for lack of statutory standing because *pro se* litigants lack statutory standing to assert such claims, and his remaining claims for failure to state a claim on which relief may be granted. (ECF 1:20-CV-3977, 6, at 3-5.)

**C.**     **The present action**

In the present action, Plaintiff again sues Passos, who he describes as a "[l]awyer at AGU . . . General Of[f]ice of Union [a]nd professor of FMU/LAUREATE GROUP"; he alleges that Passos resides in New York, New York. (ECF 1, at 2.) He also sues DHL, which he alleges is located at the John F. Kennedy International Airport ("JFK"). (*Id.* at 3.)

As mentioned above, the complaint is difficult to understand. Plaintiff alleges that a "crime of financial fraud [was] committed against the Government of the United States of America and [that there have been] human rights violations." (*Id.* at 4.) He seems to allege that these events have something to do with a "Memorandum of Understanding on Narcotics Control and Law Enforcement, prepared pursuant to the Mutual Cooperation Agreement for Demand Reduction, Prevention of Misuse and Combating the Production and Illicit Traffic of Narcotic Drugs" signed by the governments of Brazil and the United States on April 12, 1995. (*Id.* at 4.) He also seems to allege that these events have something to do with the "Vienna Convention of 1988," "the United Nations Convention against Corruption," and "the Palermo Convention ([the] United Nations Convention against Transnational Organized Crime)." (*Id.*)

Plaintiff alleges the following facts about DHL: On May 7, 2020, Plaintiff sent "copies of the international memorandum with evidence . . . for instruction of QUI TAM action" (a reference to *Honda II*) from Sao Paolo, Brazil, to this court, via DHL. (*Id.* at 6.) Delivery was scheduled for May 13, 2020, but the package containing his documents did not arrive at JFK until the next day, and it "remained obstructed by DHL until August 1, 2020." (*Id.*) DHL returned the package to Brazil without an explanation. "Because of the delivery obstruction, [Plaintiff] lost [*Honda II*], which was dismissed on June 15, 2020. [He] was harmed for lack of evidence obstructed by DHL." (*Id.*)

On May 11, 2020, Plaintiff sent a second smaller package of documents from Sao Paolo, Brazil, to the court, via DHL. Delivery was scheduled for May 15, 2020. The package arrived in the United States one day earlier, "and remained obstructed until June 17, 2020," when it was delivered to the court. (*Id.*) But by then, *Honda II* had already been dismissed.

Plaintiff asserts that he brings this action as a "QUI TAM [action] and in favor of the Government of the United States of America" under the False Claims Act "regarding . . . $38,304,402.00 . . . pa[id] to [the] Minist[r]y of Justice of . . . Brazil, aggravated by obstruction of justice practiced before, during and after" *Honda I* and *Honda II* "under the terms of" 18 U.S.C. § 1513. (*Id.* at 7.)

## DISCUSSION

### A.    Private prosecution

Plaintiff seeks the criminal prosecution of the defendants or others. A private party, however, cannot prosecute a criminal action in federal court. *See Leek v. Timmerman*, 454 U.S. 83, 86-87 (1981) (prisoners lack standing to seek the issuance of an arrest warrant); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). And because federal prosecutors possess discretionary authority to bring criminal actions, they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses Plaintiff's claims in which he seeks the criminal prosecution of the defendants or others for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### B.    Claims against Passos

Plaintiff asserts *qui tam* claims against Passos under the False Claims Act ("FCA"). But as the Court stated in *Honda II*, a *pro se* litigant lacks statutory standing to assert such claims.

*United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008) ("[T]he United States remains the real party in interest in *qui tam* actions, [and] the case, albeit controlled and litigated by the relator, is not the relator's own case[,] . . . nor one in which he has an interest personal to him. Because relators lack a personal interest in False Claims Act *qui tam* actions, we conclude that they are not entitled to proceed *pro se.*") (internal quotation marks and citations omitted); (ECF 1:20-CV-3977, 6, at 3-4). The Court therefore dismisses Plaintiff's *qui tam* claims against Passos under the FCA for lack of statutory standing.

## C.     Claims against DHL

The Court construes Plaintiff's claims against DHL as brought on Plaintiff's own behalf under the Court's diversity jurisdiction. To proceed under the Court's diversity jurisdiction, a plaintiff must first allege that he and the defendant are citizens of different States, or that he is a citizen of a State and that the defendant is a citizen of a foreign country or vice versa. *See* 28 U.S.C. § 1332(a)(1), (2).[2]

There is also a second component to diversity jurisdiction − the amount in controversy must be in excess of the sum or value of $75,000. *See* § 1332(a). The sum claimed by the plaintiff will control if it is made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). And the Court may dismiss a complaint for failing to plead that the amount in controversy exceeds the sum or value of $75,000, but only if there is "a legal certainty from the complaint that [the] plaintiff cannot recover sufficient damages to invoke [diversity] jurisdiction." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982); *Ochoa v. Interbrew Am., Inc.*, 999 F.2d 626, 629 (2d Cir. 1993) ("[I]n determining whether a challenged

---

[2] For the purpose of diversity jurisdiction, a foreign citizen who is lawfully admitted for permanent residence in the United States is considered a citizen of the American State in which he or she is domiciled. *See* § 1332(a)(2).

jurisdictional amount has been met, district courts are permitted only to assess the allegations in a complaint and not the validity of any asserted defenses.").

Plaintiff seems to allege that he is a citizen of Brazil (although his address of record is in Dothan, Alabama), and that DHL is a citizen of New York. But he fails to allege any facts suggesting that his claims against DHL satisfy the jurisdictional amount for diversity claims – an amount in excess of the sum or value of $75,000. The Court therefore dismisses Plaintiff's claims against DHL for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). But the Court grants Plaintiff leave to replead his claims against DHL in an amended complaint in which he alleges facts showing that the Court has diversity jurisdiction to consider those claims.

## CONCLUSION

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff and note service on the docket. The Court dismisses this action. The Court dismisses Plaintiff's claims in which he seeks the criminal prosecution of the defendants or others for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court also dismisses Plaintiff's *qui tam* claims against Passos under the FCA for lack of statutory standing. The Court further dismisses Plaintiff's claims against DHL Express for lack of a showing of subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

But the Court grants Plaintiff leave to replead his claims against DHL Express in an amended complaint to be filed within 30 days of the date of this order. If Plaintiff fails to file an amended complaint within the time allowed, the Court will enter judgement dismissing this action for the reasons stated in this order.[3]

SO ORDERED.

Dated:   November 12, 2020
         New York, New York

_Louis L. Stanton_
          Louis L. Stanton
          U.S.D.J.

---

[3] The Court will not rule on Plaintiff's application for the Court to request *pro bono* counsel (ECF 3) until after Plaintiff files an amended complaint in compliance with this order.